UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL HASSINGER,

          Plaintiff,

-vs-                              Case No.  6:12-cv-1052-Orl-28GJK

SUN WAY ENTERPRISES, INC., and
NARENDRA MODHA,

          Defendants.

_____

## ORDER

This Fair Labor Standards Act[1] ("FLSA") case is before the Court on the parties'

motions for summary judgment and Defendants' motion in limine.[2]  Having considered the

parties' submissions, the Court concludes that Plaintiff's motion must be denied and that

Defendants' motions must be granted in part and denied in part.

### I. Background

Defendant Sun Way Enterprises, Inc., owns a convenience store and gas station

called AJ's in Mims, Florida.  Defendant Narendra Modha is the sole shareholder of Sun

---

[1]29 U.S.C. §§ 201-219.

[2]The pertinent filings are:  Plaintiff's Motion for Partial Summary Judgment (Doc. 24) and Defendants' Response (Doc. 27); Defendants' Fully Dispositive Motion for Summary Judgment and in the Alternative Motion for Partial Summary Judgment on Counts I and II (Doc. 26) and Plaintiff's Response (Doc. 28); and Defendants' Motion in Limine to Exclude Allegations of Retaliation that Occurred After Plaintiff Filed his Verified Second Amended Complaint (Doc. 30) and Plaintiff's Response (Doc. 31). No party filed a summary judgment reply memorandum, though the Case Management and Scheduling Order allows for such filings. (See Doc. 12 at 6).

Way, and members of Mr. Modha's family work at the store. After meeting Mr. Modha's brother while in prison, Plaintiff, Paul Hassinger, began working at AJ's upon his release in 2006. (Hassinger Dep., Doc. 25-5, at 11). Mr. Hassinger also began living at the store at that time. (Id.). The terms of Mr. Hassinger's probation included a curfew from 10:00 p.m. to 6:00 a.m., and he had to be at his residence—AJ's—during that time. (Id. at 24-25).

According to Mr. Hassinger, his job duties at AJ's included "everything," such as stocking, running the cash register, and cleaning. (Id. at 11-12). He claims that he worked seven days a week, many hours per day, though he did not always work the same schedule. Defendants, on the other hand, maintain that Mr. Hassinger worked only a few hours per day and that the rest of his time was his own.

It is undisputed that Defendants provided Mr. Hassinger with lunch and dinner each day throughout most of his employment. Mr. Hassinger often ate these meals with the Modha family at their home, and he then would return to the store. It is also undisputed that during at least some of his employment Mr. Hassinger was permitted to use Mr. Modha's vehicles for his personal use, and Mr. Modha provided the gasoline. Mr. Hassinger also was allowed to eat whatever he wanted in the convenience store and in the Hungry Howie's store that Sunway opened in the same building several years into Mr. Hassinger's employment. (Id. at 20). Once Hungry Howie's opened, Mr. Hassinger worked there as well until February or March 2012; he was permitted to keep the tips he made for delivering pizzas. (Id. at 18, 42).

For the first several years of his employment, Mr. Hassinger was paid monthly, in cash. Initially, he was paid $650 per month, and by April 2012 he was being paid $900 per

month.  (See id. at 27; Receipts, Doc. 26-5).  No records of the hours that Mr. Hassinger worked were kept until after this lawsuit was filed in July 2012, at which time Defendant began using a payroll company through which Mr. Hassinger was then paid.  It is undisputed that once time records began being kept in August 2012, Mr. Hassinger worked fewer than forty hours each week.  (Hassinger Dep. at 79-80).  According to Mr. Hassinger, Mr. Modha cut his hours to two and half hours per day after he found out about this lawsuit.  (Id. at 44-45).

Mr. Hassinger filed this suit on July 9, 2012.  (See Doc. 1).  In the Second Amended Complaint (Doc. 16), Mr. Hassinger contends that Defendants violated the FLSA by failing to pay him minimum wage or for overtime hours that he worked.  Mr. Hassinger additionally alleges that once the Defendants found out about this lawsuit, Defendants retaliated against him in violation of the FLSA.  Defendants now seek summary judgment on all counts, and Mr. Hassinger seeks partial summary judgment on the retaliation claim.  Defendants have also filed a motion in limine regarding the retaliation claim.

## II.  Summary Judgment Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, when faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than

mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." Sawyer v. Southwest Airlines Co., 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986)).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" Sawyer, 243 F. Supp. 2d at 1262 (quoting Anderson, 477 U.S. at 251-52); see also LaRoche v. Denny's, Inc., 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

### III.  Discussion

#### A.  Counts I and II—Minimum Wage and Overtime

The FLSA requires that employers pay their employees a minimum hourly wage.  29 U.S.C. § 206(a).  It also requires employers to pay employees overtime wages at a rate at least one and a half times the employee's regular rate for work performed in excess of forty hours per week.  Id. § 207(a).

Defendants have moved for summary judgment on Hassinger's minimum wage and overtime claims in Counts I and II, relying on 29 C.F.R. § 785.23, which provides:

> An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted. . . .

Defendants argue that they had reached a reasonable agreement with Mr. Hassinger and that under this regulation the parties' compensation arrangement should be accepted. Defendants also rely on 29 C.F.R. § 531.27(b), which provides in part that "in determining whether he has met the minimum wage and overtime requirements of the Act, the employer may credit himself with the reasonable cost to himself of board, lodging, or other facilities customarily furnished by him to his employees."

Summary judgment cannot be granted to Defendants on this record. Although Defendants allege an agreement between the parties regarding compensation and it is undisputed that part of the agreement between the parties was that Mr. Hassinger could live at the store, (see Hassinger Dep. at 27-28), the terms of the parties' agreement regarding hours are disputed. As another judge in this district has noted, § 785.23 is not an exception to the FLSA's overtime requirements; "it deals with calculating the number of hours worked by an employee, not the applicability of the overtime provisions of the FLSA." Oliver v. Portside Care Ctr., No. 6:10-cv-1106-Orl-31DAB, 2012 WL 72711, at *2 (M.D. Fla. Jan. 10,

2012); see also Brigham v. Eugene Water & Electric Bd., 357 F.3d 931, 942 (9th Cir. 2004) ("[T]he parties' agreement is just the starting point of the FLSA overtime analysis . . .—not its conclusion.").

It is clear that Mr. Hassinger was permitted to live at the store and that he was provided with many meals. However, the parties dispute the number of hours that Mr. Hassinger was expected to work and did work. No records of his hours were kept until the payroll company became involved in the summer of 2012, and the testimony regarding hours worked is conflicting. Moreover, Defendants have not presented any evidence of the value of the lodging and meals that Mr. Hassinger was provided. Defendants have not met their summary judgment burden of establishing that Mr. Hassinger was paid a minimum wage for all hours worked or that he did not work more than forty hours in any week.

Defendants alternatively move for partial summary judgment on Counts I and II, asserting that Mr. Hassinger's claim should be computed at the federal minimum wage rate rather than the Florida minimum wage rate because he did not provide notice of a minimum wage claim as required by Florida law. Mr. Hassinger concedes this point in his response memorandum. (See Doc. 28 at 10-11). Thus, to the extent that it is established at trial that Mr. Hassinger was not paid a minimum wage or overtime for some of the hours he worked, the federal minimum wage, rather than the Florida minimum wage, will be used to calculate the amount he is owed. Defendants' motion for partial summary judgment on this issue will be granted.

B. Count III—Retaliation

The FLSA makes it "unlawful for any person . . . to discharge or in any other manner

-6-

discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under" the FLSA. 29 U.S.C. § 215(a)(3). "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following:  "(1) []he engaged in activity protected under [the FLSA]; (2) []he subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action.'" Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000) (quoting Richmond v. ONEOK, Inc., 120 F.3d 205, 208-09 (10th Cir. 1997)).

In Count III of the Second Amended Complaint, Mr. Hassinger alleges that Defendants retaliated against him after they learned that he had filed this lawsuit in the summer of 2012.  Both sides move for summary judgment on this count, focusing on the "adverse action" prong of the prima facie case.

In the Second Amended Complaint, Mr. Hassinger alleged that the adverse actions that Defendants subjected him to "include, but are not limited to" (1) making a report to a law enforcement officer falsely accusing him "of violations of State of Florida laws, rules, and/or regulations"; (2) locking him in the building "without sufficient means of unlocking the doors and without sufficient means of egress in case of fire or other emergency"; (3) pointing a surveillance camera at him and his sleeping space; (4) locking him out on Christmas night 2012; and (5) "attempting to fire" him. (Doc. 16 ¶ 37). Defendants assert that none of these actions rises to the level of a materially adverse action that can support an actionable retaliation claim, and the Court agrees.

In order for an action by an employer to satisfy the second prong of the prima facie

case, "'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse.'" Ekokotu v. Fed. Express Corp., 408 F. App'x 331, 337 (11th Cir. 2011) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)). Employees are protected "'not from all retaliation, but from retaliation that produces an injury or harm.'" Id. (quoting Burlington, 548 U.S. at 68). "The acts must be material and significant and not trivial." Id. In light of these standards and the record evidence, none of the actions alleged in the Second Amended Complaint rises to the level of an actionable materially adverse action.

First, in his deposition, Mr. Hassinger explained that the alleged false accusation to a law enforcement officer occurred when Mr. Modha told his probation officer that he was a "troublemaker." (Hassinger Dep. at 84). However, Mr. Hassinger conceded that his probation officer took no action against him upon allegedly being told this, and his probation was not affected. (Id. at 85-86). Second, regarding being locked in the building, Mr. Hassinger acknowledged in his deposition that he could have gotten out of the building through the Hungry Howie's door, though an alarm would have gone off. (Id. at 87-89). Third, with regard to the surveillance camera, Mr. Hassinger testified in his deposition that Mr. Modha turned the camera toward where he sleeps and removed the curtain that Mr. Hassinger had put up for privacy. (Id. at 90). However, Mr. Hassinger acknowledged that after he found the curtain taken down, he put it in a shed behind the building, and someone then put it back up within a week. (Id. at 90-91, 96).

Fourth, as to the Christmas 2012 lockout, Mr. Hassinger explained in his deposition that he had the day off on Christmas and when he went to the store at 10:00 p.m. it was

locked and he could not get in. (Id. at 91). He then went into the shed to sleep. (Id. at 92). Sometime after 11:00 that night, Mr. Modha arrived and offered to let Mr. Hassinger into the store, but Mr. Hassinger opted to stay in the shed instead.[3] (Id. at 92-93). Finally, although there is evidence that after Mr. Hassinger filed the lawsuit Defendants told Mr. Hassinger to move out and threatened to fire him,[4] they did not actually fire him, and Mr. Hassinger was still living and working at the store at the time of his March 2013 deposition. (Id. at 93). The Court cannot conclude that any of the conduct identified in the Second Amended Complaint amounts to a materially adverse action under the law.

In his motion for partial summary judgment, Mr. Hassinger alleges other adverse actions that he did not specify in the Second Amended Complaint, including that Defendants drastically reduced his work hours in July 2012; that they treated him with "very strong hostility"; that they constructively discharged him in June 2013—five months after the Second Amended Complaint was filed and three and a half months after Mr. Hassinger's deposition was taken; and that they told a prospective employer bad things about him that sabotaged his next employment opportunity. (Doc. 24 at 6). In their response to Mr. Hassinger's summary judgment motion, Defendants argue that Mr. Hassinger cannot now

---

[3]Mr. Hassinger had previously asked his probation officer if staying in the shed would satisfy his curfew requirement, and the probation officer had said that it would. (Hassinger Dep. at 92).

[4]Mr. Modha denied threatening to fire Mr. Hassinger, though he acknowledged asking Mr. Hassinger why did he not find a nice place to live if he was not happy. (N. Modha Dep., Doc. 25-7, at 19-20). Mrs. Modha testified in her deposition that she and Mr. Modha both told Mr. Hassinger after he filed the lawsuit that he had to move out. (K. Modha Dep., Doc. 25-6, at 37-38).

raise these adverse actions that he did not list in the Second Amended Complaint, and they have also filed a motion in limine (Doc. 30) to this effect. Mr. Hassinger did not file a reply to Defendants' summary judgment response, but he did file a response to the motion in limine. (See Doc. 31). In that response, Mr. Hassinger maintains that the reduction in hours should be considered because it has been litigated in the case, but he does not address the other asserted actions that are challenged as untimely by Defendants.

The alleged reduction in hours was raised in the depositions of Mr. Hassinger, Mr. Modha, and Ms. Modha. (See Hassinger Dep. at 79-80; N. Modha Dep., Doc. 25-7, at 23; K. Modha Dep., Doc. 25-6, at 39). This issue having been raised and argued, it remains viable despite the fact that Mr. Hassinger did not specifically list it in the Second Amended Complaint. Mr. Hassinger is not allowed, however, to pursue the other purported actions raised in his summary judgment motion but not defended in his motion in limine response. Because the evidence is conflicting regarding whether Defendants reduced his hours after the lawsuit was filed, summary judgment cannot be granted for either party on the retaliation claim. The only alleged adverse action remaining for consideration at trial on the retaliation claim is the reduction in Mr. Hassinger's hours.

Defendants' motion in limine will be granted in part and denied in part consistent with this ruling.

### IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment (Doc. 24) is **DENIED**.

2. Defendants' Fully Dispositive Motion for Summary Judgment and in the Alternative

Motion for Partial Summary Judgment on Counts I and II (Doc. 26) is **GRANTED in part** and **DENIED in part**.  The motion is granted on the issue of the applicability of the federal minimum wage rate rather than the Florida minimum wage rate.  The motion is otherwise **denied**.

     3.  Defendants' Motion in Limine (Doc. 30) is **GRANTED in part** and **DENIED in part**.  The motion is **denied** as to the issue of reduction of Mr. Hassinger's hours and is otherwise **granted**.

     4.  This case remains set for trial during the January 2014 trial term.  If the parties reach a settlement of this matter, they shall advise the Court immediately.

     **DONE** and **ORDERED** in Orlando, Florida this ⎯ 2 2 ⎯ day of November, 2013.

                                    JOHN ANTOON II
                                    United States District Judge

Copies furnished to:
Counsel of Record